# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON AUGUSTINE HEREDIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CCI,<br><br>    Defendant. | Case No. 1:16-cv-00788-JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 15)**<br><br>**21-DAY DEADLINE** |

Plaintiff brought this action under 42 U.S.C. § 1983 for violation of his rights when he was attacked by another inmate while he was on the phone. Because he fails to link any of the defendants to his factual allegations, the First Amended Complaint is **DISMISSED** and Plaintiff is granted **one last opportunity** to file an amended complaint to address the deficiencies.

    **A.**    **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

///

1

**B.     Summary of Plaintiff's Complaint**

Plaintiff complains of an incident that occurred at California Correctional Institute ("CCI") in Tehachapi, California and now names the following defendants: CCI Warden Kim Holland; Associate Warden T. Haak; Captain Dave Crounse; Lieutenant Luis Machado; Sergeant D. Bonnfil; Roger Groves, CDW; Sharon McKay, ERO: Karen Dugan-Berry, LRA: Lieutenant S. Archuleta; CCI Jane Doe; and CCII Jane Doe.

Plaintiff alleges that he was using the phone at his assigned time when he was attacked by a "level 4 inmate." Plaintiff ended up being shot twice by the tower officer with a "block gun" and sprayed with 2 cans of pepper-spray during the incident. Plaintiff alleges that he was taken out of a side door and dragged across the yard where he was kicked and yelled at by "C/O's." The C/Os picked him up and pushed him down and put him in the program office cage, stripped naked. Plaintiff was "questioned by staff" and the nurse told Plaintiff that the inmate who attacked him was drunk. Plaintiff was taken to the A Yard SHU that night and could not see at all due to the pepper spray. He also could not use his left leg because of being shot. Plaintiff alleges he was not given medical attention for two days and wore "paper underwear for 15 days, no shower." Plaintiff alleges he was Level II and if he had been housed in the correct housing the incident would not have happened. Plaintiff alleges that he did not belong on the Level 3 yard and that "Jane Doe custody counselor knew my custody level 'tags' were placed on my cell door." "Jane Doe Case Records Manager CCI knew" Plaintiff was not placed in the correct housing unit. "All other staff" allegedly put Plaintiff's "life in harms way." Plaintiff seeks monetary damages and requests the "115 write up" and everything about this incident be removed from his C-File.

Plaintiff has not stated any cognizable claims as he fails to link any of the individuals named as defendants to his factual allegations. However, Plaintiff may be able to correct the deficiencies in his pleading. Thus, he is being given the pleading requirements, the legal standards for claims he has identified, and **ONE LAST OPPORTUNITY** to amend his pleading.

**C.     Pleading Requirements**

    **1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible in twenty-five pages or less. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

3

### 2. **Linkage Requirement**

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link any individual defendants to any of his factual allegations. Plaintiff must clearly state which individuals he feels are responsible for each violation of his constitutional rights and the factual basis for each of his claims against a specific individual defendant. Plaintiff's complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D. **Legal Standards**

#### 1. **Eighth Amendment -- Failure to Protect**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective

and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847, 114 S.Ct. 1970.

Plaintiff's allegations fail to show that any of the individuals he named as defendants knew that he was in the wrong housing unit, and the factual basis showing their knowledge that he was improperly housed. Plaintiff's allegations that all of the named defendants knew he had been placed in the wrong housing unit are conclusory and need not be accepted as true. *Iqbal*, 556 U.S. at 678.

### 2. Eighth Amendment -- Medical Care

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent."

*Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff fails to allege what his medical condition was that that he believes constituted a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff must first allege facts that show he had a condition which constituted a serious

6

medical need. Then he must allege facts to show that each individual defendant he feels acted deliberately indifferent to his condition, knew that he suffered from the condition and intentionally chose action contrary to his medical requirements.

### 3. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury,* 536 U.S. 403, 412-15 (2002).

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). To state such a claim, the plaintiff must describe this "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. The complaint should instead "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417-418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413-414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036 (2009) (reversed and remanded *Phillips v. Hust,* on qualified immunity grounds without change or discussion of elements of access to court claims)). Plaintiff fails to state *any* allegations to even suggest that he has lost an underlying protected claim because of the actions he alleges in this case, let alone link any such allegations to a specific individual named as a defendant in this action.

### 4. Supervisory Liability

Plaintiff was previously informed that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegations that supervisory personnel such as a Warden is somehow liable because of the acts of those under his or her supervision does not state a cognizable claim.

Despite previously being given these standards for claims against supervisory personnel, Plaintiff fails to state anything other than legal conclusions against any of the supervisory defendants named in this action.

### E.     CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed and he is granted **ONE FINAL OPPORTUNITY** to amend his pleading by filing a second amended complaint **within 21 days**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time **no later than 21 days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 20, 2017**　　　　　　　　　**/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE