UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| AARON AUGUSTINE HEREDIA, | Case No. 1:16-cv-00788-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER REOPENING ACTION** |
| v. | **FINDINGS AND RECOMMENDATION TO DISMISS** |
| CCI, et al., | |
| Defendants. | **(Docs. 23, 24)** |
| | **14-DAY DEADLINE** |
| | **CLERK OF COURT TO ASSIGN A DISTRICT JUDGE** |

## I. BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment and consented to Magistrate Judge jurisdiction. (Docs. 1, 8.) On November 6, 2017, the undersigned issued an order finding that Plaintiff filed to state any cognizable claims and dismissing the action with prejudice. (Doc. 24.) The defendants had not appeared in this action when it was dismissed. For the reasons discussed below, this action is reopened and recommendation is made that it be DISMISSED with prejudice.

## II. *WILLIAMS v. KING*

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all parties named in a civil case before a Magistrate Judge's jurisdiction

vests for dispositive purposes. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Hence, a Magistrate Judge does not have jurisdiction to dismiss a case or claim based solely on the plaintiff's consent. *Id.* The defendants were not yet served at the time that this action was dismissed and therefore had neither appeared nor consented to Magistrate Judge jurisdiction. Because the named defendants had not consented, the screening and dismissal of this action is invalid under *Williams*. However, the Court now recommends that this action be DISMISSED with prejudice.

## III. FINDINGS

### A. Screening of the Second Amended Complaint

#### 1. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

#### 2. Plaintiff's Allegations

Plaintiff complains of an incident that occurred at California Correctional Institute ("CCI") in Tehachapi, California and now names the following defendants: CCI Warden Kim Holland; FC Chariperson J. Jones; CCII T. Nipper; CCI(A) A. Tabias; Lt. Inmate Assessment, K. Large; and CSR A. Barkley.

Plaintiff alleges that, due to an administration error, he was living on a level 3 yard, but was supposed to be on a level 2 yard -- which put his life in danger. After an incident, Plaintiff was shot, sprayed, hit, stripped, and denied "medical care for over five hours on more than one

2

occasion."

Plaintiff fails to link any of the individuals named as defendants to his factual allegations and does not even state *any* factual allegations to show that he was attacked, let alone state cognizable claims under 42 U.S.C. § 1983 in the SAC. Since Plaintiff has twice been given opportunity to amend his pleading to correct deficiencies, it appears that further leave to amend would be futile and need not be extended. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). This action should thus be DISMISSED with prejudice.

### 3. Pleading Requirements

#### a. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart*

3

*Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Despite twice being informed that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and that Local Rule 220 requires amended pleadings be "complete in itself," Plaintiff's allegations have become more and more sparse. The SAC does not contain any allegations from which to infer that Plaintiff's mere placement on a level 3 yard placed him, as a level 2 inmate, in danger.

### b. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. However, as noted above, despite twice being informed of this requirement, Plaintiff fails to link any individual defendants to any of his factual allegations. The SAC fails to put any defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 4. Legal Standards

#### a. Eighth Amendment -- Failure to Protect

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114

S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847, 114 S.Ct. 1970.

Plaintiff's allegations fail to show that any of the individuals he named as defendants knew that he was in the wrong housing unit, that being housed in a wrong unit posed a substantial risk of serious harm and that any of the named defendants knew of and disregarded an excessive risk to Plaintiff's safety. Plaintiff's general allegations that the defendants knew he had been placed in the wrong housing unit are conclusory and need not be accepted as true. *Iqbal*, 556 U.S. at 678.

**b. Eighth Amendment -- Medical Care**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton

5

infliction of pain.'"'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff again fails to allege what medical condition he had that might constitute a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060

6

(9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff merely alleges that the named defendants "didn't allow me medical care for over 5 hrs on more than one occasion." (Doc. 23, p. 5.) Plaintiff does not allege what injury he had that needed medical attention in less than 5 hours. Indeed, such a delay is common in most emergency rooms for non-life-threatening conditions; the fact he is a prisoner does not entitle him to a greater level of care. Further, Plaintiff fails to link any individual defendant to his allegations to show that any of them specifically knew that Plaintiff suffered from any medical condition and intentionally chose action contrary to his medical needs.

### c. Supervisory Liability

Plaintiff was also twice previously informed that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where

7

masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion B even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegations that supervisory personnel such as a Warden is somehow liable because of the acts of those under his or her supervision does not state a cognizable claim.

Despite previously being given these standards for claims against supervisory personnel, Plaintiff fails to state anything other than legal conclusions against all of the defendants -- let alone any of the supervisory defendants named in this action.

**IV.     CONCLUSION and RECOMMENDATION**

The Second Amended Complaint neither links any of the named defendants to factual allegations, nor states any cognizable claims. Given the persistent deficiency in Plaintiff's pleading, despite having previously been provided the requisite legal standards, it appears futile to allow further amendment. *Akhtar*, 698 F.3d at 1212-13.

Accordingly, this action is REOPENED and the Court RECOMMENDS that this action be dismissed with prejudice because of Plaintiff's failure to state a cognizable claim. The Clerk of the Court is directed to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, the parties may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver

8

1 | of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 10, 2017**                    **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE