UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON AUGUSTINE HEREDIA,<br><br>Plaintiff,<br><br>v.<br><br>CCI,<br><br>Defendant. | Case No.: 1:16-cv-00788-KES-CDB<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO REMOVE PLRA OBLIGATION<br><br>Doc. 36 |

Plaintiff Aaron Augustine Heredia is proceeding pro se and in forma pauperis in this now-closed civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff's application to proceed in forma pauperis (IFP) was granted on June 21, 2016. Doc. 10.

On December 11, 2017, the assigned magistrate judge issued findings and recommendations to dismiss the action with prejudice for plaintiff's failure to state any cognizable claims. Doc. 26. Plaintiff filed objections on December 29, 2017. Doc. 27.

On March 12, 2018, the assigned district judge adopted the findings and recommendations and judgment was entered that same day. Docs. 28, 29.

Plaintiff appealed and on August 23, 2018, the Ninth Circuit Court of Appeals dismissed the case for lack of jurisdiction. Doc. 33. That Court later denied plaintiff's motion for

1  reconsideration on January 24, 2019.  Doc. 34.

2  On February 12, 2025, plaintiff filed a single-page document, docketed as a "Motion to

3  Remove PLRA Obligation," in this closed action.  Doc. 36.

**II.    DISCUSSION**

Plaintiff's filing, styled as a letter, states: "I wanted to know can I please have my PLRA obligation removed?  I am indigent." Doc. 36. Plaintiff explains that he has filed many "court filings and each time" the fees were "waived by the Court (granted)" due to his indigency. *Id*. He concludes by asking if someone can help him "look into this and please have" his "PLRA removed." *Id*.

The Prison Litigation Reform Act ("PLRA") provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without *prepayment of fees* or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without *prepayment of fees* or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1)–(2) (italics added).  It further provides that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of the filing fee," to be collected over time from the prisoner's account.

It appears plaintiff misunderstands his obligation.  When plaintiff filed this action and his application to proceed in forma pauperis was granted, he was proceeding without *prepayment* of the applicable filing fee.  The filing fee was not waived, and plaintiff remains obligated to pay the filing fee until the total amount is collected.  This was explained in the court's June 21, 2016, order.  *See* Doc. 10.  Specifically, the order directed the California Department of Corrections and Rehabilitation to "collect payments from plaintiff's prison trust account in an amount equal to

2

twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and . . . forward those payments to the Clerk of the Court each time the amount exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected . . . ." Doc. 10 at 2 (emphasis omitted).

"Filing fees are part of the costs of litigation, and prisoner cases are no exception." *Ramirez v. Perez*, No. 1:22-cv-00564-JLT-SAB (PC), 2022 WL 2118964, at *1 (E.D. Cal. Jun. 13, 2022) (cleaned up and citations omitted). Filing fees for initiating a lawsuit in district court are authorized by 28 U.S.C. § 1914. *Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018) (citing *Green v. Bank of America*, No. 2:12-cv-02093-GED-CKD PS, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after pro se plaintiff voluntarily dismissed complaint)). The PLRA has no provision for return of fees that are partially paid for or for cancellation of the remaining fee. *Ramirez*, 2022 WL 2118964, at *1 (citing *Slaughter v. Carey*, No. CIVS030851MCEDADP, 2007 WL 1865501, at *1 (E.D. Cal. Jun. 28, 2007)). The requirement to pay the full filing fee is triggered by bringing an action, not by continuing one. *Rodriguez v. Diaz*, No. 1:19-cv-01118-AWI-JDP, 2020 WL 1433005, at *1 (E.D. Cal. Mar. 24, 2020).

Plaintiff filed this action, triggering the obligation to pay a filing fee. According to this Court's financial department, as of February 19, 2025, payments totaling $43.14 have been collected from plaintiff. Thus, plaintiff remains obligated to pay the balance of $306.86 for this action, for a total of $350.00. Plaintiff's request to remove his PLRA obligation is DENIED.

### III.     CONCLUSION AND ORDER

Accordingly, for the reasons explained above, plaintiff's request filed February 12, 2025 (Doc. 36) is DENIED.

IT IS SO ORDERED.

Dated:  __March 28, 2025__                         _____
                                                                    UNITED STATES DISTRICT JUDGE

3